```
      F8PPBARA

1     UNITED STATES DISTRICT COURT
      SOUTHERN DISTRICT OF NEW YORK
2     ------------------------------x

3     UNITED STATES OF AMERICA,

4              v.                              15 CR 492 (GHW)

5     DANIEL ARNALDO
      BARRERA-BARRERA,
6
                     Defendant.
7
      ------------------------------x
8
                                                New York, N.Y.
9                                               August 25, 2015
                                                10:11 a.m.
10

11    Before:

12                      HON. GREGORY H. WOODS,

13                                              District Judge

14
                              APPEARANCES
15

16    PREET BHARARA,
           United States Attorney for the
17         Southern District of New York
      ANDREA SURRATT
18         Assistant United States Attorney

19    RUBEN OLIVA
           Attorney for Defendant
20

21    ALSO PRESENT:  MIRTA HESS, Spanish Interpreter

22

23

24

25
```

1           (In open court)

2           (Case called)

3           MS. SURRATT:  Good morning, your Honor.  Andrea
4    Surratt for the government.

5           THE COURT:  Thank you.  Good morning, Miss Surratt.

6           MR. OLIVA:  Good morning, your Honor.  Ruben Oliva on
7    behalf of Daniel Barrera-Barrera, who is here present and
8    prepared to proceed, with the aid of the interpreter.

9           THE COURT:  Thank you.  Good morning, Mr. Oliva.  Good
10   morning, Mr. Barrera-Barrera.  This is the case of United
11   States v. Barrera-Barrera.

12          Mr. Barrera-Barrera, first, I note that we are using
13   an interpreter for purposes of these proceedings.  Please let
14   me know at anytime if you have any difficulty understanding
15   anything that I am saying or if you have any difficulty hearing
16   or understanding anything that the interpreter is communicating
17   to you.  Please don't hesitate to let me know if that's the
18   case.

19          So, Mr. Barrera-Barrera, you've been named in a
20   two-count indictment, which is currently numbered 15 CR 492.
21   Superseding indictment in this matter was returned by grand
22   jury in the Southern District of Florida in 2010, under case
23   No. 10-20587, and was transferred to the Southern District of
24   New York, with your consent, pursuant to Rule 20.
25          The purpose of this proceeding is to do a number of

F8PPBARA

1  things.  First, to make sure that you have a copy of the
2  indictment; second, to inform you of the charges against you;
3  third, to take your plea; and fourth, to discuss what's going
4  to happen next in this proceeding and in the two related
5  proceedings, which have been reassigned to me, together with
6  this case.
7       Now, Mr. Barrera-Barrera, before we proceed, I'm going
8  to ask you certain questions so I can establish to my
9  satisfaction that you understand what's happening in this
10 proceeding.  If you do not understand any of my questions, or
11 if you wish to consult with your counsel at any time, please
12 don't hesitate to let me know.  I'd be happy to give you as
13 much time as you'd like to do so.  So first,
14 Mr. Barrera-Barrera, let me ask you, can you please tell me
15 your full name?
16       THE DEFENDANT:  Your Honor, good morning.  My name is
17 Daniel Barrera-Barrera.
18       THE COURT:  Thank you.  And, Mr. Barrera-Barrera, how
19 old are you?
20       THE DEFENDANT:  Your Honor, I'm 48 years old.
21       THE COURT:  And where were you born?
22       THE DEFENDANT:  In Bogota, Colombia.
23       THE COURT:  Thank you.  Are you a United States
24 citizen?
25       THE DEFENDANT:  Colombian.

1              THE COURT:  Thank you.  Let me advise you that you may
2     request that an attorney for the government or federal law
3     enforcement official notify a consular officer from your
4     country of nationality that you've been arrested; that even
5     without such a request, a treaty or other international
6     agreement may require a consular notification.
7              Mr. Barrera-Barrera, how far did you go in school?
8              THE DEFENDANT:  I don't have any studies, your Honor.
9              THE COURT:  Thank you.  Can you tell me, are you
10    currently, or have you recently been, treated or hospitalized
11    for any mental illness?
12             THE DEFENDANT:  No, your Honor.  I have not been
13    hospitalized.
14             THE COURT:  Thank you.  Have you been treated for
15    mental illness?
16             THE DEFENDANT:  No, your Honor.
17             THE COURT:  Thank you.  Are you currently, or have you
18    recently been, under the care of a physician, psychiatrist or
19    psychologist?
20             THE DEFENDANT:  No.  No, your Honor.
21             THE COURT:  Thank you.  Are you currently, or have you
22    recently been, hospitalized or treated for drug addiction?
23             THE DEFENDANT:  No, your Honor.
24             THE COURT:  Within the past 24 hours, have you used or
25    taken any alcohol, drugs or medication?

1           THE DEFENDANT:  No, your Honor.

2           THE COURT:  Do you understand what's happening in this
3    proceeding?

4           THE DEFENDANT:  I understand very well, your Honor.

5           THE COURT:  Thank you.  So, Mr. Barrera-Barrera, I
6    understand you've already had an initial appearance before a
7    magistrate judge, who's informed you of certain of your rights.
8    Because of the importance of your right to remain silent, I'm
9    going to review that with you again here now.

10          You have the right to remain silent.  You do not have
11   to say anything to anyone.  If you give up that right and make
12   a statement, the prosecutor can use everything that you say
13   against you.  Therefore, I strongly suggest that you not say
14   anything to anyone, unless you and your counsel decide that it
15   is in your best interest to do so.

16          If you've already given a statement, you don't have to
17   say anything else.  If you decide to go ahead and make a
18   statement, you have a right to stop at any time.

19          Do you understand your right to remain silent?

20          THE DEFENDANT:  Yes, your Honor.

21          THE COURT:  Thank you.  I understand that Mr. Oliva is
22   representing you in these proceedings; is that correct?

23          THE DEFENDANT:  Yes, your Honor.

24          THE COURT:  Do you wish for him to continue to
25   represent you in these proceedings?

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  Thank you.  Mr. Barrera-Barrera, have you

3    seen a copy of the indictment pending against you under the

4    number 15 CR 492, which is the indictment transferred to the

5    Southern District of New York from the Southern District of

6    Florida?

7          THE DEFENDANT:  Yes, your Honor.

8          THE COURT:  Thank you.

9          May I ask you, Mr. Oliva, have you had the opportunity

10   to review the indictment and to discuss it with your client?

11         MR. OLIVA:  Again, good morning, your Honor.  Yes,

12   your Honor.  I have reviewed the indictment with my client.

13   I've read it to him in Spanish, as well as the other two

14   indictments, well, in this district and the Eastern District of

15   New York, and we are prepared to enter a plea at this time.

16         THE COURT:  Thank you very much, Mr. Oliva.  I

17   appreciate that.

18         Ms. Surratt, could I please ask you to summarize the

19   charges on which the defendant is being arraigned?

20         MS. SURRATT:  Yes, your Honor.  The two charges in the

21   indictment that was transferred here from the Southern District

22   of Florida are, first, that the defendant conspired to import

23   cocaine into the United States from a place outside of the

24   U.S.; and, second, that he conspired to manufacture and

25   distribute cocaine with the knowledge that it would be imported

1    into the United States.
2             THE COURT:  Good.  Thank you very much, Ms. Surratt.
3             Mr. Barrera-Barrera, you have the right for me to read
4    the indictment out loud to you on the record.  You also have
5    the right to waive that reading.  Would you like for me to read
6    the indictment out loud to you here now, sir.
7             MR. OLIVA:  Your Honor, on behalf of my client, we
8    would waive the reading of the indictment.
9             THE COURT:  Thank you very much.
10            With that, let me ask you, please, to stand now.
11   Mr. Oliva, you said earlier that you anticipated that your
12   client would be entering a plea of guilty and that you are
13   expecting to enter a plea of guilty.  Do you expect to do so
14   now, or are you intending to enter a plea of not guilty?
15            MR. OLIVA:  No, your Honor.  At this time, we would be
16   entering a plea of not guilty and demanding a trial by jury.
17            THE COURT:  Good.  Thank you very much.
18            Mr. Barrera-Barrera, do you understand what it is that
19   you have been charged with?
20            THE DEFENDANT:  Yes, your Honor.  I understand.
21            THE COURT:  Thank you.  Count One charges you with
22   conspiracy to manufacture and distribute a controlled substance
23   and Schedule II, knowing that such a controlled substance would
24   be unlawfully imported into the United States in violation of
25   Title 21 U.S.C. section 959(a)(2) in violation of 21 U.S.C.

1   963.  How do you plead to that count?
2             THE DEFENDANT:  Not guilty, your Honor.
3             THE COURT:  Thank you.  Count Two,
4   Mr. Barrera-Barrera, charges you with conspiracy to import into
5   the United States, from a place outside thereof, a controlled
6   substance in Schedule II, in violation of Title 21 U.S.C.
7   section 952(a), all in violation of Title 21, U.S.C. section
8   963.  How do you plead to this count?
9             THE DEFENDANT:  Not guilty, your Honor.
10            THE COURT:  Thank you very much, Mr. Barrera-Barrera.
11  Your pleas of not guilty are accepted.  You may be seated.
12            THE DEFENDANT:  Thank you, your Honor.
13            THE COURT:  Thank you, sir.
14            I want to note that there are two related cases
15  against Mr. Barrera-Barrera that were previously pending before
16  Judge Hellerstein.  I mentioned them at the outset of this
17  case.  Both of those cases have been reassigned to me.  I
18  understand that a sentencing is scheduled now, with respect to
19  one of those matters, on September 24th this year, and I would
20  like to discuss now how the parties would like to approach
21  those related cases, as well as this one.
22            Mr. Oliva, you stood first.  I'd be happy to hear from
23  you.  You can be seated, Mr. Barrera-Barrera.  Thank you.
24            MR. OLIVA:  Thank you, your Honor.  I think we would
25  both tell you the same thing.  We have been endeavoring for the

1  past months to have all of these cases consolidated, and slowly
2  but surely we've been able to do that, culminating in today's
3  arraignment on the third case.
4        We don't have a PSR yet because we've been waiting,
5  and we had advised the probation office that it didn't make
6  sense for them to prepare a PSR as each of these cases were
7  being both consolidated and pled to.
8        Now, I pled the defendant to the entire indictment as
9  an open plea, without the benefit of a plea agreement, on the
10 first two cases, your Honor.  And so that your Honor is also
11 aware, the case out of EDNY was not Rule 20 here.  It was rule
12 21 here.  So the case still is an EDNY case, but the sentencing
13 is being consolidated for the convenience of the parties.  Not
14 really important, but I did want the Court to be aware of it.
15 It's a little bit of a quirk that we have in the normal course
16 of these cases.
17       Now that we have all three cases here, the AUSA, the
18 government, counsel for the government in the Miami case wants
19 to participate in both the plea and probably in the sentencing,
20 and we don't have any objection to that.  So what we would --
21 and I've, obviously, had conversations with counsel for the
22 government for the Southern District of New York.
23       And she, in turn, I know, has had conversations with
24 Mr. Fels, Adam Fels, which is the prosecutor in Miami, that
25 what we'd like to do is we anticipate having, of course, a plea

1  in this case.  It makes total sense, particularly in light of
2  the fact that he's already pled to the identical charges here
3  in the indictment.
4       But now that we have all the cases before this Court,
5  there may be an opportunity to either have a plea agreement
6  that would encompass all three cases or, at a very minimum,
7  perhaps, amongst us, to narrow some of these sentencing issues
8  that, obviously, exist in this case in advance of the plea and
9  perhaps have some kind of agreement that we can provide to the
10 Court, or at least inform the Court of.
11      So based on that, what we are suggesting perhaps is an
12 October date for a status or, slash, plea and, obviously, the
13 sentencing that was originally scheduled, that was a control
14 date that we had carrying along.  We would ask, obviously, for
15 that sentencing as to the other two matters to be, obviously,
16 adjourned in order to allow us to then resolve this third case.
17      Then once we do that, then we can have a realistic
18 sentencing date, obviously, once we have a PSR, and we have
19 sufficient time to prepare and submit our sentencing
20 memorandums to the Court.  So that would be what we would
21 propose, obviously, with the Court's approval.
22      But rest assured that we are diligently working
23 towards trying to get this matter sentenced.  I suspect, based
24 on what I know about the case -- and, again, it's a fairly
25 complex case in terms of the facts and in terms of the

F8PPBARA

1    guidelines and how they would apply -- I suspect that this
2    would probably be something that we would have our sentencing
3    in the first quarter of 2016.  Certainly that's what I'm aiming
4    for.
5         I'm in the process of getting documents from Colombia
6    that are relevant to sentencing and we are working towards that
7    and have been working on that throughout all of this time.  So
8    that would be what we would, respectfully, suggest to the
9    Court.
10        THE COURT:  Thank you very much.  Miss Surratt?
11        MS. SURRATT:  I subscribe to most of that, your Honor.
12   I would add only that the AUSA in Florida, who has already been
13   appointed a SAUSA in this district, a special AUSA, for the
14   duration of these proceedings, is unavailable the first week of
15   October.  So to the extent a status/plea date was set, I would
16   ask that it not be set the first week of October.
17        MR. OLIVA:  I have no objection to that, of course.
18        THE COURT:  Thank you very much.  Thank you,
19   Miss Surratt.  Thank you, Mr. Oliva.  Based on your
20   explanation, I'd be happy to accept the proposal made by
21   Mr. Oliva and Ms. Surratt.  I'm going to propose a plea/control
22   date at this time, which will be in October.  Mr. Daniels?
23        THE DEPUTY CLERK:  Wednesday, October 15th at
24   10:00 a.m.
25        MS. SURRATT:  That works for the government.

1      MR. OLIVA:  Your Honor, I anticipate that that will be
2  fine.  I'm not a member of the New York Bar; so I'm not allowed
3  to bring my phone up.  So I don't have my calendar with me, but
4  I suspect that will be fine.  If it's not, I will contact
5  chambers today.
6      THE COURT:  Good.  Thank you.  I appreciate that very
7  much.  I will set October 15 as the date for our next
8  conference in this matter.  Let me ask, given the fact that
9  this case is new to me, if either of you would like to take the
10 opportunity to expand on the nature of the case or the
11 sentencing issues that you just alluded to?  Mr. Oliva?
12     MR. OLIVA:  I'm happy to, your Honor.  Mr. Barrera is
13 accused of, essentially, narcotics trafficking.  He also has a
14 money laundering count that comes out of the Eastern District
15 of New York and Brooklyn, where, in that particular case, some
16 of the individuals that he supplied cocaine -- he really
17 started out as a cocaine lab guy, operating cocaine labs in the
18 plains of Colombia.  And over the years, obviously, you know,
19 was able to go from just being a cocaine producer to eventually
20 also participating in some of the loads, which is quite common.
21     The amounts of cocaine involved in this case are
22 fairly large.  I can tell the Court, that part of the reason
23 why it's a little interesting case is that Mr. Barrera-Barrera,
24 through me, made an attempt to surrender to the United States,
25 and we had lengthy discussions with the government, all three

1  districts, which I think is part of the problem, to try to have
2  him surrender along with someone else that was able, in fact,
3  to surrender to the Eastern District of New York, who also was
4  a very large-scale drug trafficker and, in part, because of his
5  assistance.
6        And he also provided some assistance, but not through
7  a cooperation agreement.  This is all occurred while he was
8  still in hiding in Venezuela.  He was arrested in Venezuela,
9  expelled to Colombia, extradited from Colombia here, and
10 notwithstanding that we were unsuccessful over there, we
11 continued our efforts to try to have him be able to cooperate.
12        Unfortunately, I think he's a little late to the game.
13 A lot of the individuals against whom he would have been able
14 to provide cooperation against, he had told them that he was
15 going to turn himself in.  They took advantage and jumped a
16 little bit ahead of the line; so that the government has
17 indicated that they are not interested at this time in his
18 cooperation.
19        Nonetheless, this defendant still wants to plead
20 guilty.  He doesn't want to fight the case.  He knows that he's
21 guilty.  So that's where some of these sentencing issues will
22 come into play.  Some of these -- there have been amendments to
23 the guidelines.  Some of them may not apply because of ex post
24 facto, some of them might.  There are also disparity issues,
25 that other defendants, like him, pled.  And we want to make

1     sure that the Court can compare him to other defendants.

2                 There are a myriad of issues.  It's going to be an
3     interesting sentencing, I think.  We have a lot of information
4     that we want to provide to the Court that has to do with 3553.
5     And certainly, there is some, you know, interest in the case
6     internationally because -- again, because of the perception of
7     my client in Colombia.

8                 So those are some, just some -- just touching on some
9     of the issues and why we're trying to get it all done and try
10    to not have a ten-hour sentencing.  Not that I've never had
11    one.  I had, but I think we can and will narrow the issues.
12    Again, we've been working closely with all three prosecutors.
13    We have a good relationship with them, and I think we're all
14    trying to just make sure that everything is done right and that
15    this defendant is sentenced appropriately in light of all the
16    factors, both bad and good.

17                So that's, I think -- I know I've been incredibly
18    brief and, obviously, that's part of the thing.  We want to be
19    able to provide sentencing memos that really will be able to
20    assist the Court in making a sentencing that reflects all of
21    those factors that are in 3553.

22                THE COURT:  Good.  Thank you very much.  I look
23    forward to reviewing those submissions when the time comes.

24                Ms. Surratt, would you care to amplify any of the
25    remarks just made by Mr. Oliva?

F8PPBARA

1      MS. SURRATT:  No, your Honor.

2      THE COURT:  Okay.  Thank you very much.

3      MR. OLIVA:  Judge, there's one other thing that I want
4 to be clear about in terms of the speedy rule, and I think
5 maybe the Court would have gotten to that, but just in the
6 event that you hadn't, and I didn't want to have it lost in the
7 mix, we would be waiving speedy trial rules from here to the
8 October 15th date.

9      If the Court wants me or needs me to prepare something
10 to submit to the Court, that would be fine.  I would also add
11 that I suspect that, on the motion of the government, this
12 would be declared a complex case.  Easily, we wouldn't object
13 to that as well, and I just highlight all that because we have
14 previously informed Judge Hellerstein, and he's agreed, that
15 this is both a complex case, if I'm not mistaken, but certainly
16 that my client is willing to waive speedy trial.

17      Obviously, he's already pled, but prior to that and
18 now that this case is starting, obviously, the speedy trial
19 goes back into effect as to this case.  So to the extent that
20 we believe that -- we would ask the Court to waive the speedy
21 days.  Am I stating it correctly, your Honor?

22      THE COURT:  Thank you.

23      MS. SURRATT:  Yes, your Honor, the government does
24 move under the Speedy Trial Act to exclude time between now and
25 October 15th for all of the reasons that Mr. Oliva so

1   eloquently put on the record.
2           THE COURT:  Okay.  Thank you very much.  I am going to
3   exclude time from today until October 15th based on the
4   proffers of counsel.  I find that the ends of justice served by
5   excluding such time outweigh the best interest of the public
6   and the defendant in a speedy trial, and because it will allow
7   time for the parties to consider the potential entry of a plea
8   arrangement, and to discuss the complicated sentencing issues
9   described by counsel.
10          Are there any other issues that we should address in
11  this conference?
12          MS. SURRATT:  Not from the government, your Honor.
13  Thank you.
14          THE COURT:  Thank you.  Can I ask you, Miss Surratt,
15  just for my knowledge, are there any alleged crime victims?
16  Should I be concerned about the CVRA in this case?
17          MS. SURRATT:  Your Honor, I'll check the record in
18  this case, and I'll let the Court know as soon as possible if
19  there are.
20          THE COURT:  Thank you.  Mr. Oliva?
21          MR. OLIVA:  In terms of I have nothing further, and as
22  far as victims, that I'm aware of, there are none.
23          THE COURT:  Good.
24          MR. OLIVA:  In this country anyway.
25          THE COURT:  Thank you very much.  Thank you,

F8PPBARA

1    Mr. Barrera-Barrera.  This proceeding is adjourned.
2             (Adjourned)
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25